WALKER v. HOLTZCLAW.

1. BONDS.—The bond in question is a sufficient compliance with the statute to be set up as a statutory bond. Rules of construction of such bonds indicated.

MR. CHIEF JUSTICE McIVER *dissents.*

2. SURETY—CORPORATIONS.—The doctrine that a surety is a favorite of the law, and that it must be construed strictly as to him, does not apply to cases where the surety receives compensation, and the suretyship is in the line of his regular business.

Before TOWNSEND, J., Greenville, April, 1899. Reversed.

Action by G. Lawrence Walker, as county treasurer of Greenville Co., against R. F. G. Holtzclaw and The American Banking and Trust Co. of Baltimore City, on the following complaint:

"1. That he is county treasurer of the county of Greenville, in the State of South Carolina, and was duly appointed and commissioned as such on the      day of      , 189  , and is now and has been discharging the duties of said office, and was so doing at the time hereinafter stated. 2. That the defendant, R. F. G. Holtzclaw, was duly appointed dispenser for the West End dispensary, in Greenville County, on the      day of      , 1895. In accordance with the provisions and requirements of an act entitled 'An act to further declare the law in reference to, and further regulate the use, sale, consumption, transportation and disposition of alcoholic liquids or liquors within the State of South Carolina, and to police the same,' approved December 21st, A. D., 1894, and qualified himself as such dispenser by giving the bond required as hereinafter stated, which was duly approved and delivered to the plaintiff as county treasurer, thereupon a permit was granted to him as such dispenser. 3. That on the 3d day of January, A. D. 1896, the said R. F. G. Holtzclaw as dispenser as aforesaid and the other defendant herein entered into a bond to G. Lawrence Walker, county treasurer

of Greenville County, in the State of South Carolina, in the penal sum of $3,000, to be paid to the said county treasurer, his successors in office or assigns. The original bond being herewith exhibited and a copy thereof hereto attached as a part of this complaint. That the said bond was in due form and properly executed in accordance with the requirements of the act aforesaid, and was delivered after execution to the plaintiff as county treasurer. 4. That the said defendant, R. F. G. Holtzclaw, as such dispenser, while discharging the duties of such dispenser, between the 11th day of November, 1895, and the 14th day of August, 1896, received various shipments of whiskies, ales, beer, wine and other intoxicating liquors from the State commissioner amounting in the aggregate to $11,262.75, and in violation of his duty as such dispenser failed and refused to account for, pay over and remit the price of same, but has only accounted for, paid and remitted to the proper officers the sum of $9,807.33, and still refuses and fails to account for the balance, and has thus misappropriated, misued and wrongfully disposed of a large amount of money to wit: the sum of $1,455.43, and has thus violated the provisions of said dispensary act, to the damage of the plaintiff as county treasurer as aforesaid for Greenville County, to the extent of such failure. 5. That the said defendant, R. F. G. Holtzclaw, has not as such dispenser paid all fines, penalties, damages and costs for which he is accountable and which he should have paid, and which are due and should be paid by him for violation of acts aforesaid, and has not well and truly obeyed the laws of South Carolina in force at the time of the execution of the bond aforesaid in relation to the sale of intoxicating liquors, or which were enacted during the term he was discharging the duties of dispenser aforesaid. 6. That on the      day of    , 189  , the permit granted to the defendant, R. F. G. Holtzclaw, as dispenser as aforesaid was revoked by the county board of control, that he thereupon ceased to act as such dispenser and has never since that time been reappointed as such dispenser. 7. That the said bond has been forfeited by reason of the

breaches of its condition by the said R. F. G. Holtzclaw as dispenser as aforesaid, as hereinbefore stated, and the defendants have rendered themselves liable for the penalty of the same, to wit: for the sum of $3,000.    8. Wherefore, the plaintiff as county treasurer demands judgment that the said bond be declared forfeited, and that judgment be awarded against the defendants in the sum of $3,000, the penalty of the said bonds, and for the costs of this action, and for such other and further relief as to the Court shall seem meet and proper."

The bond reads: "Know all men by these presents, That we, R. F. G. Holtzclaw, of Greenville, S. C., as principal, and the American Banking and Trust Company of Baltimore City, a corporation organized in the laws of the State of Maryland, as surety, are held and firmly bound unto G. Lawrence Walker, county treasurer of Greenville County, in the State of South Carolina, in the penal sum of $3,000, to be paid to the said county treasurer, his successors in office or assigns, to which payment well and truly to be made and done, we bind ourselves, and each and every of our heirs, executors, administrators and successors, jointly and severally, firmly by these presents.    Dated, this third day of January, 1896.    The condition of the above obligation is such, that if the above bounden R. F. G. Holtzclaw, county dispenser for the county of Greenville, shall forward all monies received by him on Monday of each week to the State commissioner, and send a duplicate statement of such remittance to the State board of control, and shall also at the same time deposit with the county treasurer the portion of all monies received by him belonging to the county and the municipal authorities, and shall well and truly obey all the laws now or hereafter in force in relation to the sale of intoxicating liquors, and the rules of the county and State board of control; and shall pay all fines, penalties, damages and costs, that may be assessed or recovered against him for any violation of said laws and rules; and shall not sell any intoxicating liquors under his permit as dispenser at a charge exceed-

ing fifty per cent. above the cost thereof to him, and shall make all reports and settlements as such dispenser, now or hereafter required of him by law; then this obligation to be void and of none effect, or else to remain in full force and effect, in case he is in default in the discharge of his duties in any one or all of the particulars, herein mentioned. The liability of said company as surety hereon is subject to the following provisions and conditions: First. That said surety shall continue responsible under this bond for the term of only one year from the date thereof, unless such responsibility be continued by a premium receipt of said surety extending the said term, and filed herewith. Second. That surety may, on giving thirty days written notice to the obligee herein, terminate its responsibility for the acts of defaults of said principal, committed or occurring after the expiration of such thirty days, but remaining liable for acts and defaults occurring previous to such termination. Third. That the obligee herein shall give said surety prompt written notice on discovery of any act or default of the principal which would entitle the obligee to claim hereunder; and the surety shall be liable hereunder for only such valid claims as shall be so notified to said surety within twelve months after the termination of its liability hereunder and within twelve months after the date on which the principal shall have ceased to hold his said office or position of county dispenser, and no suit or proceeding shall be brought against said surety to recover any claims hereunder unless service of process therein be made on said surety within one year (365 days) after the first notice to said surety of any claim hereunder. In witness whereof, the said principal has hereunto set his hand and seal, and the said surety has caused this bond to be signed by its president and by its secretary, and its seal to be hereunto fixed, upon the date above written. R. F. G. Holtzclaw, (L. S.) Principal. Sealed, signed and delivered by the principal in the presence of W. D. Metts. The American Banking and Trust Company of Baltimore

City. (L. S.)   By Joshua Homer, Vice-President, and John T. Stone, Secretary."

From order sustaining demurrer plaintiff appeals.

*Mr. Solicitor Ansel* and *Assistant Attorney General Gunter,* for appellant.   The latter cites: 21 Stat., 721; 37 Am. Dec., 566.

*Messrs. Mordecai & Gadsden,* for Trust Co., contra, cite: 21 Stat., 725; 38 S. C., 236; 43 S. C., 517; 3 Wash., 10; 7 Mass., 200; 8 Mass., 373.

April 18, 1900.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This is an appeal from an order sustaining a demurrer to the complaint, which will be set out in the report of the case.   The defendants based their demurrer on four grounds, the second, third and fourth of which were not considered by the Circuit Judge, as he sustained the demurrer on the first ground, which is as follows: "First. In that it appears upon the face of said complaint that the cause of action is the breach of the condition of a certain statutory bond declared upon as a bond required to be given, executed and delivered in accordance with the provisions of an act of the General Assembly of the State of South Carolina, entitled 'An act to further declare the law in reference to, and further regulate the use and sale, consumption, transportation and disposition of, alcoholic liquids or liquors within the State of South Carolina, and to police the same, approved December 21st, 1894;' whereas, upon an inspection of the bond annexed to the said complaint and made a part thereof, it will appear that said bond is not the statutory bond required, but is a voluntary or common law bond, not worded and conditioned as required by the statute, but containing various conditions, provisions and limitations not referred to in the statute and in violation thereof, and, therefore, the instrument sued upon being not a

statutory but a voluntary or common law bond, cannot be recovered upon in this action." Section 7 of the act hereinbefore mentioned—21 Stat., 725—contains the following provisions : "This permit or renewal thereof shall issue only on condition that the applicant shall execute to the county treasurer a bond in the penal sum of $3,000, with good and sufficient sureties, conditioned that he will well and truly obey the laws of the State of South Carolina now or hereafter in force in relation to the sale of intoxicating liquors, that he will pay all fines, penalties, damages and costs that may be assessed or recovered against him for violation of such laws during the term for which said permit or renewal is granted, and will not sell intoxicating liquors under his permit at a price other than that fixed by State board of control." The following conditions are set forth in the bond : "The condition of the above obligation is such that if the above bounden R. F. G. Holtzclaw, county dispenser for the county of Greenville, shall forward all monies received by him on Monday of each week to the State commissioner, and send a duplicate statement of such remittance to the State board of control, and shall also at the same time deposit with the county treasurer the portion of all monies received by him belonging to the county and the municipal authorities, and shall well and truly obey all the laws now and hereafter in force in relation to the sale of intoxicating liquors, and the rules of the county and State board of control; and shall pay all fines, penalties, damages and costs that may be assessed or recovered against him for any violation of said laws and rules; and shall not sell any intoxicating liquors under his permit as dispenser at a charge exceeding fifty per cent. above the cost thereof to him, and shall make all reports and settlements as such dispenser now or hereafter required of him by law, then this obligation to be void and of none effect, or else to remain in full force and effect, in case he is in default in the discharge of his duties in any one or all of the particulars herein mentioned." There are other conditions in the bond which were inserted for the benefit of the defend-

ants. The first condition required by the act hereinbefore mentioned is, that the applicant should execute to the county treasurer a bond in the penal sum of $3,000, with good and sufficient sureties, conditioned "that he will well and truly obey the laws of the State of South Carolina now or hereafter in force in relation to the sale of intoxicating liquors." The complaint alleges "That the said bond was in due form and properly executed in accordance with the requirements of the act aforesaid * * *" By reference to the bond, it will be seen that one of the conditions therein mentioned is, that the dispenser "shall well and truly obey all the laws now or hereafter in force in relation to the sale of intoxicating liquors." These words show compliance with the requirement of the act in this particular. The next condition required by said act is "that he will pay all fines, penalties, damages and costs that may be assessed or recovered against him for violations of such laws during the term for which said permit or renewal is granted." The condition in the bond is that he "shall pay all fines, penalties, damages and costs that may be assessed or recovered against him for any violation of said laws and rules." Although the words are not identical, they show a substantial compliance with this requirement of the act. The other condition which the act requires is, that he "will not sell intoxicating liquors under his permit at a price other than that fixed by State board of control." The condition set forth in the bond is that he "shall not sell any intoxicating liquors under his permit as dispenser at a charge exceeding fifty per cent. above the costs thereof to him." The insertion in the bond of the percentage above which the liquors were not to be sold by the dispenser was in conflict with the other condition in the bond, that he "shall well and truly obey all the laws now or hereafter in force in relation to the sale of intoxicating liquors, and the rules of the county and State board of control." As these conditions are inconsistent and both cannot stand, it is a well settled principle that force and effect will be given to that which will aid the statute rather than to that which will

30—57

make null and void its provisions. The other conditions which we have herein set forth imposed no new or additional obligations on the defendants. The bond simply recited the requirements of the law. As hereinbefore stated, the bond contains other conditions which were inserted for the benefit of the defendants. In so far as these conditions are repugnant to and inconsistent with those provisions of the bond which give force and effect to the statute, they must be regarded as null and void. Furthermore, the grounds of demurrer do not claim that the breach of the bond was caused by failure to comply with any of said conditions.

Upon the hearing of the case it was argued that a surety is a favorite of the law, and it should be strictly construed in his favor. While this is true as a general rule, it has no application to a case like this, where the surety receives compensation and the suretyship is in the line of its regular business. The allegations of the complaint show that the defendants intended to execute the bond required by the statute, and it was error for the presiding Judge to have held otherwise.

It is the judgment of this Court, that the order of the Circuit Court be reversed, and the case remanded to that Court for a new trial.

MR. CHIEF JUSTICE McIVER *dissenting.* I cannot concur in the conclusion reached in the foregoing opinion, because the bond sued upon (a copy of which is set out in the "Case" as a part of the complaint) is so essentially different from that required by the statute that no action can be maintained upon it as a statutory bond; and there being no allegations in the complaint that the bond sued upon is a common law obligation, there was no error in sustaining the demurrer. *Booker* v. *Smith,* 38 S. C., 228. Without going into the matter fully, which want of time forbids, I propose simply to indicate certain of the particulars in which the bond sued upon is not only essentially different from but are absolutely subversive of the real object of the bond prescribed by the

statute. 1st. By the statutory bond the liability not only of the principal but of the surety also is intended to continue during the whole period for which the principal holds the permit as dispenser; whereas, by the bond sued upon, the liability of the surety is limited to the period of one year only; and may be still further limited as to the period by the provision that the surety may by giving thirty days notice terminate its liability at the expiration of that period. 2d. The onerous exaction contained in the bond sued upon, and not to be found in the bond prescribed by the statute, that the surety shall not be liable for any default of the principal unless prompt written notice on discovery of such default·be given to the surety by the obligee of the bond. 3d. The provision in the bond sued upon limiting the period within which an action may be brought upon it, different from and much less than the period prescribed by law in all other like cases. 4th. The provisions in the bond sued upon that the principal shall not sell any intoxicating liquors at a price exceeding fifty per cent. of the cost to him of such liquors; whereas, the bond required by the statute forbids the dispenser from selling any intoxicating liquors at a price other than that prescribed by the State board of control. For these reasons I think the judgment of the Circuit Court should be affirmed.