9361

STATE AGRICULTURAL & MECHANICAL SOC. OF SOUTH
CAROLINA v. TAYLOR *ET AL.*

(88 S. E. 372.)

1. PRINCIPAL AND SURETY — COMMERCIAL SURETIES — CONSTRUCTION OF
OBLIGATION.—A commercial surety is not entitled to have its obliga-
tion construed with the strictness of a private surety, and its bond
should be treated as that of an insurer of performance by the prin-
cipal.

2. PRINCIPAL AND SURETY—BONDS—VALIDITY.—Where the contract for
performance of which a bond was given was changed before the bond
was actually signed, and the surety received the premium after its
principal's default, though it had notice of that fact, it could not
defeat recovery on the bond on the ground that the contract had
been varied.

3. EVIDENCE — PAROL EVIDENCE RULE — IDENTIFICATION OF CHECK. —
Where evidence merely went to the identification of a check, it is
not inadmissible on the ground that it was to vary the writing.

4. PRINCIPAL AND SURETY—DISCHARGE OF SURETY—EXTENSION OF TIME.
—Where a commercial surety received payment of the premium
after its principal had defaulted, though it had knowledge of that
fact, a mere extension of time to the principal will not release the
surety.

5. LIMITATION OF ACTION — RUNNING OF STATUTE — AGREEMENTS
RESTRICTING TIME FOR SUIT.—Under Code Civ. Proc. 1912, secs. 137,
144, respectively providing that an action on a contract may be
brought within six years, and that no provision in any contract
whereby it is agreed that either party shall be barred from bring-
ing suit if not brought within a period less than the time pre-
scribed by the statute of limitations shall be valid, suit may be
brought against a surety after the expiration of the six months'
period within which the bond required it should be brought; the
action falling within the six-year statute.

6. PRINCIPAL AND SURETY—CONTRACTS—WHAT LAW GOVERNS.—Though
the surety was a nonresident, the *lex fori* governs a surety bond for
the performance of a contract within the State.

Before RICE, J., Columbia, June, 1915. Affirmed.

FOOTNOTE.—Liability of corporate surety engaged in such business for
compensation as distinguished from individual surety. See *Mack Mfg.
Co.* v. *Maryland Bonding & Ins. Co.*, 103 S. C. 55, 87 S. E. 439, and notes
in — A. & E. Ann. Cas. 1912b, 1087.

Action by the State Agricultural and Mechanical Society of South Carolina against Mark Taylor and the Massachusetts Bonding and Insurance Company. From a judgment for plaintiff, defendants appeal.

*Messrs. Frank G. Tompkins* and *Dodd & Dodd,* for appellant, Mass. Bonding & Ins. Co., cite: *As to discharge of surety by alteration of contract:* 1 Brandt, Suretyship & Guaranty (3d ed.) 790, 791 and 812; 51 S. C. 122; 24 Cyc. 837; 23 S. C. 588; 69 S. C. 304; 9 Wheat. 703. *Waiver by agent for company:* Civil Code, sec. 2724; 86 S. E. 484; 84 S. C. 95. *Knowledge of agent not imputed to principal:* 31 Cyc. 1595; 77 S. C. 99; 74 S. E. 374. *Direction of verdict:* 91 S. C. 17.

*Messrs. D. W. Robinson* and *J. B. Murphy,* for respondent. The former cites: *As to parol evidence to identify subject matter:* 72 S. C. 364; 27 S. C. 328; 79 S. C. 62; 98 U. S. 514; Jones, Ev. (2d ed.), secs. 450 and 456. *Law governing contracts of surety companies:* 51 S. C. 124; 23 S. C. 592; 57 S. C. 466; 191 U. S. 426; 234 U. S. 455, 456; 170 U. S. 144; 44 L. R. A. (N. S.) 848; 38 L. R. A. (N. S.) 699; 88 S. E. 38; 33 L. R. A. (N. S.) 514, 516, 520. *The South Carolina law governs:* Civil Code, secs. 2724, 2672; 84 S. C. 255; 70 S. C. 301; 167 U. S. 160; 14 L. R. A. (N. S.) 415; 103 S. C. 55. *Construction liberal in favor of insured:* 213 Fed. 958; 130 C. C. A. 368; 170 U. S. 144; 96 S. C. 50; 94 S. C. 302; 192 U. S. 162. *Direction of verdict:* 101 S. C. 256; 100 S. C. 164; 99 S. C. 200; 98 S. C. 282; 101 S. C. 10; 93 S. C. 541. *Issue as to waiver of forfeiture:* 101 S. C. 257; 96 S. C. 379; 70 S. C. 77. *Notice to agent imputed to principal:* 93 S. C. 532; 52 S. C. 231; 70 S. C. 78. *Issue for jury:* 19 S. C. 367; 54 S. C. 34. *Construction of contract:* 84 S. C. 153; 14 S. C. 165, 166; 103 S. C. 55. *Change of date of performance:* 54 S. C. 34; 93 S. C. 532. *Extension of time:* 83 S. C. 556; 10 S. C.

305; 50 L. R. A. (N. S.) 875, 876; 37 L. R. A. (N. S.) 280; 26 L. R. A. (N. S.) 99. *Release of surety:* 23 S. C. 592; 191 U. S. 426. *Contract limitation of time to sue:* 95 S. C. 165; 90 S. C. 175; 88 S. C. 41; Code Civ. Proc., secs. 137 and 144; Civil Code, secs. 2724, 2672; 84 S. C. 253, 254. *Materiality of changes in contract:* 33 L. R. A. (N. S.) 521; 76 S. C. 568; 91 S. C. 323. *Agency:* Civil Code, secs. 2711, 2712, 2724; 93 S. C. 411; 70 S. C. 301; 219 Fed. 102. *Double capacity:* 88 S. C. 40; 91 S. C. 491; 65 S. C. 119; 83 S. C. 526. *Waiver an issue for jury:* 102 S. C. 126, 128; 81 S. C. 160; 88 S. C. 37, 38; 97 S. C. 379; 75 S. C. 320; 63 S. C. 297; 25 Am. St. Rep. 135, 137; 90 Cal. 402; 10 L. R. A. (N. S.) 1079. *Parol evidence as to contract:* 81 S. C. 12; 101 S. C. 273; 115 C. C. A. 287; Jones Ev. (2d ed.) 453; 93 S. C. 532.

March 29, 1916.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action by plaintiff against the defendants for an alleged breach of bond. Defendants admitted signing the bond, but denied liability thereon or breach thereof.

The case was tried at the Summer term of Court, 1915, for Richland county, before Judge Rice, and a jury, and resulted in a verdict in favor of the plaintiff for $1,500. After entry of judgment defendants appeal. There are 21 exceptions, but the exceptions were argued under three general heads: (1) Was the contract between the principal and obligee of the bond materially altered or varied so as to relieve the surety? The complaint alleges in both causes of action that the bond was given to secure a contract in accordance with the proposal of J. M. Cantey, agent of the plaintiff, accepted by G. A. Guignard for the committee. The defendant surety company became bound on August 25, 1911, for the faithful performance by the contractor, Taylor, of his agreement to tear down a certain steel building,

then at Greensboro, N. C., and re-erect the same for the plaintiff near Columbia, S. C. The bond stated:

"Whereas, the principal has entered into a written contract, dated August 22, 1911, with said obligee for furnishing labor and material necessary for the tearing down of a certain steel building now located at Greensboro, N. C., and erecting the same on a new site at Columbia, S. C., in accordance with the proposal to J. M. Cantey and acceptance by G. A. Guignard for committee under date August 22, 1911."

The company is to indemnify the obligee "against any loss or damage directly arising by reason of the failure of the principal to faithfully perform said contract."

Mr. Taylor's proposal, which was accepted, was:

"I will take down the steel building and load on cars at Greensboro, N. C., unload and rebuild at fair grounds, in the city of Columbia, as it stands, for the sum of six thousand dollars."

The letter of acceptance by Mr. Guignard to this proposal concludes:

"Of course, we will expect you to give sufficient and satisfactory bond for faithful performance of the contract to be later drawn."

This letter was dated August 22d. On August 25, 1911, the contract was formally executed, and Taylor told that he would be required to give bond. The bond itself was not given until three or four weeks later. The changes in the contract were made before the bond was actually signed, as the evidence clearly establishes. This is shown by the evidence of the defendants' witnesses, Mr. Harry Cantey and Mark Taylor. The letters referred to in the bond itself carried notice to the defendants that a contract was to be drawn.

J. M. Cantey, who was in the insurance and surety bond business, agent of the Richland Savings Bank and Trust Company for the defendants, through them procured the bond in question. The defendants, through its agents, had

knowledge of the extended. time taken by the contractor, Taylor.

Mr. Harry Cantey, who had charge of the execution and delivery of the bond and of the surety company business, knew that the building was not completed at the time contracted for it to be finished. There was never any offer to return the premium. A bill was made out for the premium on this bond and presented on March 29, 1912, and paid by the plaintiff on April 12, 1912. This was nearly two months after the building had collapsed, and more than a month after plaintiff had written a notice and mailed to defendants that Taylor had breached the contract.

The exceptions in a measure depend largely as to the law by which bonds of surety companies are to be construed. We are of opinion that they should not be given the strict construction that would be given one who was a surety as an individual, but the surety companies are in business for profit or hire. The individual accommodates the principal by giving his surety for friendship or kindness and without profit. The surety company is in business for gain, profit, and hire. They become sureties for the premiums paid it, and in constructing their liability they occupy the same position as that of an insurance contract, which, as a fact and matter of law, it is. The law laid down by his Honor in his charge in this respect was sound law and the proper law in this case.

In this case the facts show that the surety received compensation, and the suretyship is in the line of its regular business. This has been expressly held in the opinion of Chief Justice Gary in *Walker* v. *Holtzclaw,* 57 S. C. 466, 35 S. E. 754. The same principle is announced in *U. S. Fid. & G. S. Co.* v. *United States,* 191 U. S. 426, 24 Sup. Ct. 142, 48 L. Ed. 246; *Lumber Co.* v. *Douglas,* 89 Kan. 308, 131 Pac. 563, 44 L. R. A. (N. S.) 848; *Brown* v. *Title G. Co.,* 232 Pa. 337, 81 Atl. 410, 38 L. R. A. (N. S.) 699.

His Honor properly construed the law in reference to this contract as being the same as to forfeiture and waiver as if it was insurance indemnity against loss.    This contract was executed and was to be performed in this State. · The · contract bears a distinct analogy to insurance, and should be governed by the same rules of construction.

We see no reason by the exceptions raising the point that the contract was varied or altered so as to relieve the surety· or to hold that the surety company did not waive its right to be released from its obligation.

We see no error in the first exception on .the part of his Honor, wherein complaint is made as to the admission of Ellison's testimony as to the check of $35.    It was simply to identify a check or voucher, and not to vary a paper writing.    It was competent in view of the objection to introduction.    We do not see that the defendants have been released as a surety or that the plaintiff has done anything to forfeit its rights under the bond as contended for by the defendants under the· facts and circumstances developed by the evidence in the case.    The terms of the contract were not materially varied, the plaintiff did nothing that was prejudicial to the defendants.

A mere extension of time and indulgence to principal debtor under the circumstances did not release the surety. As to the limitation of time to sue, from all the facts no inference can be drawn, other than no time was fixed for the completion of contract, except October 20th, and suit was commenced within six months from that time, after first giving defendants notice that it would have to make good under the bond, and under our laws in any case plaintiff could bring its action within six years.    Code of Laws 1912, vol. II, pt. 1, sec. 137, with section 144.

This contract, as has been said, is governed by the laws of this State.    *Owen* v. *Insurance Co.,* 84 · S. C. 253, 66 S. E. 290, 137 Am. St. Rep. 845.

Having held that no errors were committed by his Honor, it was, of course, not proper to direct a verdict for the defendants as asked for. All exceptions are overruled.

Judgment affirmed.