7187

LOGAN v. ATLANTA & CHARLOTTE AIR LINE R. R. CO.

1. RAILROADS—MASTER AND SERVANT—LESSOR AND LESSEE.—The lessor railroad company is liable to the servant of the lessee for injuries received by him through the negligence of the lessee.

2. RES JUDICATA—BAR—FEDERAL COURTS.—In suit in State Court by servant of lessee railroad against lessor for injuries received by negligence of lessee, the questions of law decided in the Circuit Court of Appeals on appeal from Circuit Court in suit by servant against

lessee on same cause of action, which would be binding on the servant in a new trial in Circuit Court, are not binding on him in State Court, nor is such Federal suit pending a bar to this suit.

Before HYDRICK, J., Greenville, April, 1908.    Affirmed.

Action by W. M. Logan against Atlantic and Charlotte Air Line Railway Company. From judgment for plaintiff, defendant appeals.

The Circuit order refusing new trial is:

"The grounds of the motion for a new trial herein are all based upon considerations of the testimony, except the fifth, sixth and seventh.

"Notwithstanding the facts of the case have been resolved in favor of the plaintiff by two juries, I have carefully reviewed the testimony, and have decided not to disturb the verdict.

"At the time of his injury, plaintiff was an employee of Southern Railway Company, which, as lessee of the defendant, had the possession and operation of the defendant's property rights and franchises. In July, 1903, plaintiff brought an action in the Court of Common Pleas for Spartanburg county against the Southern Railway Company for the same cause of action. That case was removed to the Circuit Court of the United States by the Southern Railway Company, where it was tried, resulting in a judgment for the plaintiff. An appeal was taken to the Circuit Court of Appeals which reversed the judgment of the Circuit Court and remanded the case for a new trial. The opinion and judgment of the Circuit Court of Appeals will be found in 138th Federal Reporter, at page 725.

"After the rendition of the judgment of the Circuit Court of Appeals and while the case was still pending in the Circuit Court, the plaintiff commenced this action. The defendant pleaded the pendency of the action in the Federal Court in abatement. The plea was overruled. The defendant

then requested the Court to charge the jury: 1. 'That the plaintiff in this action is concluded and bound by all questions of fact and law decided by the Circuit Court of Appeals in the judgment herein before referred to which would have bound him in a second trial in the United States Court.'

2. " 'The defendant Company, as lessor of the Southern Railway Company, is not liable to a servant of the latter company for injuries received by him in consequence of the negligence of such company.'

"These requests were refused. The fifth, sixth and seventh grounds of the motion for a new trial allege error in overruling the plea in abatement and in refusing said requests.

"The defendant is liable for torts of the Southern Railway Company in the operation of its railroad on the ground that the Southern Railway Company is its agent in the operation of the road. *Smalley* v. *Ry. Co.,* 73 S. C., 574, 53 S., E., 1000.

"Therefore, the law governing the relation of principal and agent is applicable.

"Upon the principles governing that relation, the master is liable for the acts of his servant.

"It is well settled that the principal and agent are jointly and severally liable for the torts of the agent, done within the scope of the agency. *Schumpert* v. *Ry. Co.,* 65 S. C., 332, 43 S. E., 813, and cases cited by the Court.

"Sometimes the principal and agent are spoken of as joint tort-feasors, though they may not, strictly speaking, be such. Nevertheless, the nature of their liability makes applicable some of the principles governing the liability of joint tort-feasors. One of these is that they may be sued jointly or severally for the torts of the agent, committed within the scope of the agency; and, if sued severally, neither action will abate the other.

"There is another reason why the plea could not be sustained. The actions are pending in jurisdictions which are

foreign to each other—at least in the sense and to the extent that an action pending in one will not abate an action pending in the other between the same parties for the same cause.

"The authorities have agreed that the Courts of the different States of the Union are foreign to each other, *Hill* v. *Hill,* 51 S. C., 134, 28 S. E., 309. There is some diversity of opinion as to whether the Courts of a State and those of the United States, sitting within the territorial limits of the same State, are foreign to each other. One of the reasons why the Courts of one State will not abate an action pending therein on the plea that another action between the same parties for the same cause is pending in another State is that the citizens of a State should not be sent into a foreign jurisdiction to get justice. So far as the greater expense and inconvenience attendant upon getting justice in a foreign jurisdiction may affect the question, it would apply with equal force to the decision of the relation of the State and Federal Courts to each other. To send a citizen of the State into the Federal Courts to get justice may work as great a hardship upon him in the matter of inconvenience and expense as to send him into a foreign State. In many if not in most cases, the trial is had as far away from his home, and he has to attend it at as great expense and inconvenience to himself and his witnesses as if he were sent into a foreign State. Moreover, the jurors who are to pass upon the credibility of his witnesses are as complete strangers to them. The Supreme Court of the United States has held (*Gordon* v. *Gilfoil,* 99 U. S., 169, and other cases) that the State Courts are foreign to the Federal Courts, sitting within the same State, and a majority of the inferior Federal Courts have adopted the same view. See 1 Cyc., 38, and cases cited. 1 Ency. Pl. & Pr., 764.

"For the sake of uniformity, I think the State Courts should adopt the same view with regard to the Federal Courts sitting within the State, so that we shall not have

the Federal Courts holding the State Courts to be foreign and the State Courts holding the same Federal Courts to be domestic.

"The decision of the question of *res judicata* has been more difficult. The principles of the law of *res judicata* are few and simple, but the application of them to particular cases is not always easy.

"A general statement of one of the elementary principles of that law is that only parties and privies are bound by a judgment. 'Privies,' in the sense in which the word is here used, includes only those who have 'mutual or successive relationship to the same rights of property.' 24 A. & E. Ency. Law, 2 Ed., 764. 'The ground of privity is property, not personal relation.' Big. Estop., p. 142; Freem. Judg., sec. 162, *Smith* v. *Moore,* 7 S. C., 215.

" 'Absolute identity of interest is essential to privity. The fact that two parties as litigants in two different suits happen to be interested in proving or disproving the same facts creates no privity between them.' 24 A. & E. Ency. L., 2d. ed., page 747.

"In some of the cases the word is used, somewhat inaccurately, to denote the relation and the consequences thereof between principal and agent, and, unless the sense in which the word is used is kept in mind, we are apt to be led into confusion and error.

" 'The application of the principle of *res judicata* to persons standing in the relation of principle and agent or master and servant has, by some authorities, been supported on the ground that privity exists between persons standing in these relations. But other authorities deny the existence of such privity, and hold that in such cases the technical rule is, upon grounds of public policy, expanded so as to embrace within the estoppel of a judgment persons who are not, strictly speaking, either parties or privies.' 24 A. & E. Ency. L. 2d ed., 752.

"Where an agent is sued, and, after trial on the merits, the issue is determined against the plaintiff, the principal, though not a party to the suit, can avail himself of the judgment as a bar, when sued by the same plaintiff on the same cause of action. *Swygert* v. *Wingard,* 48 S. C., 324, 26 S. E., 653; *Daremus* v. *Root,* 54 L. R. A., 659, 23 Wash., 710.

"A final judgment on the merits in favor of the Southern Railway Company in the case in the Federal Court would, unquestionably, have been a bar to this action; because it would have been an adjudication by a Court of competent authority that the Southern Railway Company is not liable to the plaintiff, and because the liability of the defendant herein is predicated solely upon that of its agent, the Southern Railway Company. This is true, even though the defendant was neither party nor privy to that suit.

"The authorities generally agree that when the principal is sued for the act of his agent, he can vouch the agent to defend, by giving him notice of the action and an opportunity to defend, and if the agent fails to defend, or if judgment goes against the principal, the agent will be concluded by the judgment; and all agree that the judgment would be conclusive as to the amount which the principal had to pay, and *prima facie* evidence of the liability of the agent to his principal therefor. But the conclusive effect of the judgment depends upon notice of the pendency of the action and an opportunity to defend it. *Smith* v. *Moore,* 7 S. C., 219; *Robinson* v. *Baskins,* 22 Am. St. Rep., 202, and notes; Freeman on Judg., sec. 164; 24 A. & E. Ency. L., 2d ed., 741; *Catterlin* v. *Frankfort,* 41 Am. Rep., 627; *Emma Silver Mining Co.* v. *Emma Silver Mining Co. etc.,* 7 Fed. Rep., 401; *Gillingham* v. *Charleston Tow Boat etc.,* 40 Fed. Rep., 649; *Bailey* v. *Sundberg,* 49 Fed. Rep., 583.

"I have found no case which holds that the agent would be concluded by a judgment against his principal without notice and an opportunity to defend the action. *A fortiori,*

the principal would not, without notice and opportunity to defend, be concluded by a judgment against his agent—especially in favor of a third person, the plaintiff in that judgment,—because to so conclude him and make him responsible for the agent's 'bad pleading, or blunders in the trial of the cause * * * would be to deprive him of his property without due process of law. Yet, as regards the plaintiff who has before sued the agent, and been defeated, there is no reason why he should not be concluded upon that principle of public policy which gives every man one opportunity to prove his case, and limits every man to one such opportunity.' *Emma Silver Mining Co.* v. *Emma Silver Mining Co., supra.*

"Upon the authority of the cases above cited, as well as upon reason, I hold that the defendant in this action would not have been concluded by a final judgment in favor of the plaintiff against the Southern Railway Company in the Federal Court. This being so, the defendant can not avail itself of any adjudication in that case in this action—unless, as before held, the judgment had been final against the right of the plaintiff to recover; for estoppels must be mutual. It must be such a judgment as would conclude the party invoking it as well as the other party. 24 A. & E. Ency. L., 2d ed., 730.

"While, as we have seen, a final judgment against the plaintiff in the Federal Court would have been a bar to this action, a final judgment against the Southern Railway Company, without satisfaction, would not have been a bar to this action; because the plaintiff has the right to pursue both companies to judgment, though he can have but one satisfaction. Suppose he had obtained judgment against the Southern Railway Company and found it insolvent, or for any reason had been unable to collect the judgment, unquestionably he could have sued the defendant to judgment also, and then it would have been his right to elect against which company he would demand satisfaction. *Hawkins* v.

*Hatton,* 1 N. & McC., 318; *Smith* v. *Singleton,* 2 McM., 184; 1 Herman on Estoppel, sec. 177.

"This conclusion is not in conflict with the principle of *res judicata* decided in *Jones* v. *Ry. Co.,* 65 S. C., 410, 43 S. E., 488. There is a distinction between *res judicata,* which is merely the law of that case, in the further progress of it, and the estoppel of a final judgment, especially when invoked by one who is neither party nor privy to the record.

"Suppose, for instance, Jones had obtained a judgment against the Railway Company and found that he could not collect it, for any reason, and had brought suit against the servant of the company by whose negligence he was injured, I do not think that either would have been concluded by the decision of the Supreme Court in the first appeal in the case against the railway company, unless, of course, the servant had been so connected with that case by notice of the action and defending it as to be concluded by the judgment. To support the plea of *res judicata* the judgment must be final and on the merits. 24 A. & E. Ency. L., 2d ed., 792-4.

"I must not be understood as holding that the principle of the law decided by the Federal Court in the case of Logan against Southern Railway Company is not sound. I was not requested to pass upon that principle or to change it. I was merely requested to hold and charge that Logan was bound in this case by all questions of law and fact decided in that case, as he would be upon a second trial of that case.

"The motion is overruled."

*Messrs. Cothran, Dean & Cothran,* for appellant, cite: *Pendency of suit in Federal Court is bar to this:* 79 S. C., 558; 57 S. C., 453; 13 Wall., 679; 98 N. W., 625; 82 N. W. 377; 13 Wall., 679; 65 N. E., 717; 2 Ill. App., 228; 63 Am. Dec., 627; 40 So., 688; 54 L. R. A., 659; 24 Ency., 751;

73 S. C., 572; 57 S. C., 453; 98 N. W., 532. *Plaintiff is concluded by adjudication of Circuit Court of Appeals:* 43 S. C., 221; 71 S. C., 102; 65 S. C., 420; 24 Ency., 812. *Lessor is not responsible for the breach of contract relations of lessee:* 75 S. C., 162; 56 S. C., 455; 67 S. C., 292; 25 S. C., 216; 28 S. C., 401; 33 S. C., 427; 41 S. C., 415, 91; 43 S. C., 197; 63 S. C., 375; 65 S. C., 271; 73 S. C., 572; 74 S. C., 332; 79 S. C., 273; 13 N. E., 68; 72 Fed. R., 752; 74 Fed., 282; 57 Fed., 137; 40 N. E. R., 519; 28 L. R. A., 216; 37 S. E., 992; 20 A. & E. Ry. (N. S.), 852; 77 Ga., 804; 79 Ga., 489; 70 Ga., 464; 63 Me., 68; 54 Mich., 91; 29 N. H., 35; 51 N. H., 593; 94 Pa. St., 351; 3 L. R. A., 597; 124 Fed. R., 796; 66 L. R. A., 75.

*Messrs. Jos. A. McCullough* and *Jno. Gary Evans,* contra, cite: *Plaintiff is not bound by decree in Federal Court:* 24 Ency., 812, 749. *Lessor is liable for injury to servant by lessee:* 75 S. C., 162. *Plea of action pending properly overruled:* 1 Cyc., 35; 42 L. R. A., 450; 29 Am. St. R., 312; 47 C. A. C., 205; 64 S. C., 141; 1 Cyc., 39; 99 U. S., 178; 93 U. S., 578; 7 Fed., 522; 9 Fed., 789; 22 Fed., 30, 711; 109 Fed., 508; 135 Fed., 650; 136 Fed., 1; 19 N. E., 788; 4 N. E., 332; 3 Cur. L., 2; 5 Cur. L., 2; 79 S. C., 558; 7 L. R. A., 277.

May 8, 1909. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. This action was instituted in Greenville county December 5, 1906, to recover of the lessor, Atlanta & Charlotte Air Line Railway Company, damages for personal injuries sustained by plaintiff at Spartanburg, S. C., April 17, 1902, while acting as yard master of the lessee, Southern Railway Company, as the result of the alleged negligence of the employees of the Southern Railway Company. Plaintiff recovered judgment for $3,488.

Both in request to charge and on the motion for a new trial, defendant-appellant raised the question that defendant company as lessor is not liable to a servant of the lessee for injuries received by him through the negligence of the lessee. In the case of *Reed* v. *Railway,* 75 S. C., 168, 55 S. E., 218, this Court has expressly decided the question against appellant's contention and we are satisfied with the decision.

It appears that in July, 1903, plaintiff brought an action in Spartanburg county against the Southern Railway Company to recover damages for the same injury, which cause was removed to the Federal Circuit Court and was there tried resulting in a verdict for the plaintiff, from which an appeal was taken to the Circuit Court of Appeals, whereupon that Court reversed the judgment and remanded the case for a new trial *de novo* in accordance with the opinion of the Court, 138 Fed. Rep., 725.

The defendant requested the Court to instruct the jury that plaintiff is concluded and bound by all questions of fact and law decided by the Circuit Court of appeals in the judgment referred to which would have bound him in a second trial in the United States Court. The refusal of the Court to give this instruction is vindicated by the opinion of Judge Hydrick, herewith reported, refusing the motion for a new trial based upon that ground. The parties are not the same and the judgment of the Federal Court granting a new trial is not final.

The defendant's plea that the pendency of the said action in the Federal Court is a bar to the present action was properly overruled, under the authority of *Mayfield* v. *Atlanta & Charlotte Air Line Ry. Co.,* 79 S. C., 558, 61 S. E., 106.

The exceptions that there was no testimony tending to show negligence of defendant, that the testimony shows conclusively that plaintiff assumed the risk of injury, that the testimony shows conclusively that plaintiff was guilty of

contributory negligence, can not be sustained, there being some testimony sufficient to carry the case to the jury upon these issues.

The judgment of the Circuit Court is affirmed.