### SAUER *v.* DETROIT FIDELITY & SURETY CO.

1. PRINCIPAL AND SURETY — JUDGMENT AGAINST PRINCIPAL CONCLUSIVE AS TO SURETY IN ABSENCE OF FRAUD.

    Where a surety has, by the express or implied terms of his contract, agreed to abide by the result of litigation against his principal, a judgment against the latter is conclusive as to him, in the absence of fraud or collusion.

2. SAME—PRIMA FACIE EVIDENCE.

    A judgment against a principal is *prima facie* evidence against the surety.

3. SAME—SURETY NOT DISCHARGED BY CONSENT DECREE OF PRINCIPAL IN ABSENCE OF MISTAKE OR FRAUD.

    A surety agreeing to pay any sum found by the court to

[1]Principal and Surety, 32 Cyc. pp. 136, 137; [2]Id., 32 Cyc. p. 136; [3]Id., 32 Cyc. p. 137; 40 L. R. A. (N. S.) 700 *et seq.;* L. R. A. 1918E, 814; 21 R. C. L. 1089; 3 R. C. L. Supp. 1214; 6 R. C. L. Supp. 1300.

be due from its principal is not discharged from its obligation because the decree of the court fixing the amount due was entered by consent of the principal without notice to the surety, in the absence of any showing of mistake, fraud, conspiracy, or collusion in arriving at said amount.

4. SAME—STIPULATIONS—SURETY BOUND BY STIPULATION AS TO AMOUNT DUE.

A surety is bound by its stipulation in open court that the amount owing by its principal and covered by its bond is in excess of the total penalty thereof.

Error to St. Clair; Tappan (Harvey), J.  Submitted January 14, 1927.  (Docket No. 99.)  Decided April 1, 1927.  Rehearing denied June 6, 1927.

Assumpsit by Joseph Sauer and another against the Detroit Fidelity & Surety Company on certain bonds. Judgment for plaintiffs.  Defendant brings error. Affirmed.

*Shirley Stewart* (*Eugene F. Black*, of counsel), for appellant.

*John B. McIlwain*, for appellees.

SNOW, J.  There was considerable delay in bringing to a hearing a chancery suit for an accounting between Joseph Sauer, Cornelius Stomler, and Sydney C. McLouth, copartners engaged in dredging sand from the bays and channels of the St. Clair river.  Sauer and Stomler each claimed McLouth owed him several thousand dollars for sand he had removed, and, after the case had been pending for more than a year, McLouth was required by order of the court to give them a bond in the sum of $5,000 conditioned to pay "any and all sums of money to be found by the said court to be due them for sand removed from the said 4th day of October, A. D. 1922, until the trial of said cause and the decree of said court."  Seven months

---

*Principal and Surety, 32 Cyc. p. 118 (Anno).

later, upon order of the court, he gave a second $5,000 bond, with the same obligation, except that it covered sand removed "heretofore and hereafter until the trial of said cause and the decree of said court." The present action is one to recover on these bonds, and was tried before the court without a jury. From a judgment in plaintiffs' favor, the defendant brings error.

It claims it is not liable on either of the bonds because the condition in each was to pay a sum "to be found by the said court to be due," and that as a matter of fact the court never *found* any sum whatever to be due, as the decree was entered by consent of its principal and plaintiffs, without contest, and pursuant to a written agreement fixing the amount due, and that the making of such settlement without the surety's consent constituted such a material alteration of its undertakings that it was thereby discharged.

It is true that the accounting case was not tried in the sense that evidence was received and passed upon. There was no necessity for it. Before the case could be heard McLouth died, and his administrator, negotiating with his partners, determined and agreed upon the quantity of sand he had removed and the sum in which he was indebted. The sum considerably exceeded the amount of the bonds. It was allowed by the probate court as a claim against the estate, and a five per cent. dividend paid thereon, which was all that the assets of the estate would permit. By consent this was likewise the amount named as due them in the accounting decree, to recover which from the surety this action is prosecuted. No one has ever claimed the amount thus determined was not correct, or that there was any mistake, fraud, conspiracy, or collusion between any of the parties in arriving at it. In fact, upon the trial of the instant case, the parties stipulated in open court in part as follows:

"The attorneys for the respective parties in this case, for the purpose of expediting the trial and avoiding loss of time to the court and counsel attendant upon the proof herein stipulated to, agree and stipulate as a fact, to be considered by the court, as follows: That Sydney C. McLouth, the principal named in the bonds declared upon, and defendant in the chancery case in which said bonds were given, removed an amount of sand from the waters adjacent to Dickinson Island during his lifetime and covered by said bonds, worth in excess of $10,000, the total penalty of said bonds over and above the quarter interest therein of the said Sydney C. McLouth as tenant in common with the plaintiffs herein."

It will be remembered that the obligation of the surety on the bonds was to pay "any and all sums of money to be found by the said court to be due them for sand removed." The amount due was first agreed upon by the parties and reduced to writing. On this writing the court based the decree. Defendant contends this is not a finding by the court as is contemplated by the bond; in effect, that to arrive at such a finding the court would have to hear the proofs and try the case, and that because this was not done the surety is released. In other words it seeks to avoid its obligation contracted by saying:

"I have no fault to find with the amount my principal has been decreed to pay, but because that amount was determined by the court from conceded facts, rather than disputed ones, it does not amount to a determination at all, and I am thus released."

While, as contended, there may exist some conflict of authority upon the proposition, we have no hesitancy in holding that, in the absence of fraud, mistake, collusion or conspiracy between the principal and other persons, a surety is not released from his obligation to pay the amount found due in a decree or upon judgment, because his principal did not contest the same or because he consented thereto; that such

a decree or judgment is in fact and effect a finding by the court.   And in this holding we find support in the great weight of authority.

Defendant's counsel urge as contrary authority the case of *Wright* v. *Hake,* 38 Mich. 525, in which the surety was released.   But counsel themselves point out the distinction between that case and the one at bar when they say:

"We recognize that the court found the agreement between the principal and the obligee to be collusive, an element not charged in the instant case, but we believe the holding to apply as well in any case where the obligee and the principal compromise lawsuits by stipulated judgments."

The case was decided solely upon the ground that the principal had obtained by fraud and collusion an advantage of which he sought to avail himself on the bond, which, as counsel point out, is not present in the instant case.   The text in 21 R. C. L. p. 1091—"judgments confessed by a principal or allowed by default do not bind the surety," cited by counsel, finds no support in the authorities there cited or elsewhere, and is manifestly a wrong conclusion of the text writer.   Another case claimed to sustain defendant's position, cited in counsel's brief, is *Columbus, etc., R. Co.* v. *Burke,* 54 Ohio St. 98 (43 N. E. 282, 32 L. R. A. 329).   Here the surety became liable only in the event that it should be "judicially determined that the injunction was properly issued."

It was held the surety could not be bound by a determination of this question by a board of arbitrators. The case is not in point.   The distinction is obvious.

We think Spencer on Suretyship, p. 356, correctly lays down the rule that should govern the instant case:

"Where the surety has, by the express or implied terms of his contract, agreed to abide by the result of litigation against his principal, a judgment against the latter is quite uniformly held to conclude him, in

the absence of fraud or collusion.    As the surety has contracted so is he bound."

It is a general rule that a judgment against a principal is *prima facie* evidence against the surety. *Norris* v. *Mersereau*, 74 Mich. 687; *McPharlin* v. *Fidelity & Deposit Co.*, 162 Mich. 145; 1 Freeman on Judgments (5th Ed.), p. 1009; 21 R. C. L. p. 1088.

It is said under the title of Principal and Surety, 21 R. C. L. p. 1089:

"Moreover, where from the nature, purpose and wording of the bond, it appears that the surety has contracted in reference to the conduct of one of the parties in some proceeding in the courts, as that he shall pay a particular judgment or shall pay the costs or has agreed to answer for the principal in respect to some charge which the law lays on him, or has otherwise agreed to abide the decree or judgment of a court against the principal, it has been held that the recovery of the judgment is in itself the happening of the contingency on which the surety was to become bound, and that consequently, in the absence of fraud or collusion, the judgment is conclusive proof not only of the breach of the bond but of the quantity of the damage resulting therefrom, and this even though the surety had no notice of the suit.    There is no reason why parties should not be allowed to obligate themselves to abide by the result of a suit between others; and if the contract in this case can be fairly construed as imposing such an obligation, there is no hardship in enforcing it."

And again at page 1092, on the question of a principal's admissions generally:

"In general, admissions by one man are not evidence against another.    But to this there are exceptions. In many cases where a man has the means of knowing a fact, and it is against his interest to admit it, his admission is evidence, even against another person. Receipts, statements, and other evidences of liability in the handwriting of the principal are admissible evidence against the sureties, and prove *prima facie* liability on their part.    So generally the principal's

declarations and admissions, where these form a part of the acts or omissions of the principal for which the surety is bound, constitute portions of the *res gestæ,* and may be evidence against the surety."

If, where a surety for hire, as in the instant case, undertakes in a bond to pay a judgment or decree rendered against his principal he can only be held if the suit be contested, the question naturally arises to what extent must the contest be carried? Obviously no line of demarkation can be established. And if the principal be in fact indebted to the obligee, must he testify that he is not, or must he stand mute and compel proof of the indebtedness to be made; or may he be permitted to concede the indebtedness and save the trouble and expense of a trial? The answer seems apparent that, if there be no fraud or mistake, the surety is in no way injured by his principal's acknowledgment of liability, and no good reason presents itself for releasing him because thereof.

One other question is presented. The first bond is conditioned to pay for sand taken after October 4, 1922. Defendant claims failure to prove the amount taken after such date releases it from all obligation under this bond. The contention is without merit. Defendant stipulated in open court that the amount of sand removed by Mr. McLouth during his lifetime which was covered by the bonds was in excess of their total penalties. It is bound by that stipulation.

The decree is affirmed, with costs to plaintiffs.

SHARPE, C. J., and BIRD, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.