16972

GREENVILLE AIRPORT COMMISSION, Appellant, v. UNITED STATES FIDELITY & GUARANTY COMPANY OF BALTIMORE, MD., A Corporation, Respondent
(86 S. E. (2d) 249)

*Messrs. Mann, Arnold & Mann,* of Greenville, *for Appellant,*

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, *for Respondent,*

February 28, 1955.

LEGGE, Justice.

Appellant, Greenville Airport Commission, was created by Act of the General Assembly of South Carolina approved March 10, 1928, 35 Stat. at Large 1898, which empowered it among other things to establish and maintain aeroplane landing fields in Greenville County. By the act of March 14, 1929, 36 Stat. at Large 857, it was given the power of eminent domain. On October 2, 1950, Peden Construction Company, Inc., having entered into a written contract with appellant whereby it agreed to excavate and move some 666,000 cubic yards of dirt in accordance with plans and specifications provided by appellant, executed as principal the required performance bond, with respondent as surety and appellant as obligee, conditioned as follows:

" * * * that if the Principal shall faithfully perform the terms and conditions of the contract in all respects of its part, and shall promptly and fully pay all obligations incurred in connection with the performance of such contract on account of labor and materials used in connection therewith, and all such other obligations of every form, nature and character, and save harmless from all and any liability of every nature, kind and character which may be incurred in connection with the performance or fulfillment of such contract or other such liability resulting from negligence or otherwise on the part of such Principal, and further shall save harmless the Greenville Airport Commission from all costs and damages which may be suffered by reason of the failure to fully and completely perform said contract and shall fully reimburse and repay the Greenville Airport Commission in making good any and every default which may exist on the part of the Principal in connection with the performance of said contract; and further that the Principal shall promptly pay all lawful claims of all persons, firms, partnerships or corporations for all labor performed and materials furnished in connection with the performance of the contract, and that the failure to do so with such persons, firms, partnerships or corporations shall give them a direct right of action against the Principal and Surety under this obligation; then this obligation shall become null and void, otherwise to remain in full force and effect."

The Airport Commission furnished the dirt that was to be moved and instructed the Peden Company as to the location to which it was to be moved and as to the route to be followed in transporting it. It also furnished a "moisture content inspector" who controlled the time of movement to insure the presence of the proper moisture content for "packing." The route of the movement, as designated by the Airport Commission, was, for some 220 feet, immediately adjacent to the residence of C. Jerry Hester, who brought an action in the Greenville County Court against the Peden Company and the Airport Commission, the complaint alleg-

ing in substance, as to the Peden Company, that it had been negligent in its transportation of the dirt, that great quantities of dust had settled on his premises in the course of the operation, and that thereby his home had been damaged; and, as against the Airport Commission, that the operation had resulted in the unlawful taking, *pro tanto,* of his property for public use without just compensation, in violation of the constitutional provisions in that regard.

Upon the trial of the Hester action, the judge of the county court instructed the jury that if they should find that the Peden Company had been negligent in the transportation of the dirt, they could find a verdict against that company and not against the Airport Commission, and, on the other hand, that if they should find that the Peden Company had not been negligent in its operation, they could find a verdict against the Airport Commission for a *pro tanto* unlawful taking, if such a taking had occurred. The jury returned a verdict against the Airport Commission alone, in the amount of $1,200.00; and the Airport Commission, having paid the judgment entered thereon, brought the present action to recover the amount so paid for the respondent as surety on the bond before mentioned.

The complaint, which contained no allegations of negligence or breach of contract on the part of the Peden Company, alleged that respondent became liable to appellant because of the condition of the bond before quoted and because the contract between appellant and the Peden Company provided that it should be performed in accordance with the "Standard Specifications for Construction of Airports" issued in January, 1948, by the Civil Aeronautics Administration, which specifications contained the following provision:

"Responsibility for Damage Claims. The contractor and his surety shall indemnify and save harmless the owner and all his officers, agents and employees from all suits, actions or claims of any character, name and description brought for or on account of any injuries or damages received or sus-

tained by any person, persons, or property, by or from the said contractor or his employees or by or in consequence of any neglect in safeguarding the work, or through the use of unacceptable materials in constructing the work or by or on account of any act or omission, neglect, or misconduct of the said contractor."

The answer pleaded that respondent's principal had performed its contract for moving the dirt in complete accordance with the plans and specifications submitted to it, and in accordance with appellant's directions; that respondent's principal had been absolved of negligence by the verdict in the *Hester case;* and that neither the Peden Company nor respondent as surety on its bond was liable for any sums required to be paid by appellant to the property owner for an unconstitutional taking, in the absence of negligence on the part of the Peden Company in the performance of its contract.

Upon the trial of the present case, appellant's evidence established the facts substantially as hereinbefore stated. In addition, its engineer in charge of the project testified, under cross examination, that it would have been impossible to move such a large quantity of dirt without generating considerable dust. Respondent offered no testimony, and moved for direction of a verdict in its favor upon the following grounds:

(a) That the verdict in the *Hester case,* having exonerated and absolved the Peden Company of negligence, likewise operated to exonerate and absolve respondent as its surety; and

(b) That respondent as surety could not be held liable for the unconstitutional *pro tanto* taking of property by appellant as found by the verdict in the *Hester case,* unless such taking had resulted from negligence on the part of respondent's principal.

Appellant also moved for a directed verdict in its favor upon the ground that under the terms of the bond the surety

was liable for any amount that the obligee had had to pay as the result of any act or conduct on the part of the principal, regardless of whether such act or conduct had been negligent or not.

The trial judge granted respondent's motion, and this appeal followed. Appellant's sole contention, briefly stated, is that under the terms of the bond the surety is liable for any loss resulting to the obligee from the faithful and non-negligent performance of the contract by the principal. It is argued that this conclusion is inevitable because:

1. The bond provides that the surety shall "save harmless (the Airport Commission) from all and any liability of every nature, kind and character which may be incurred in connection with the performance or fulfillment of such contract or other such liability resulting from negligence or otherwise on the part of such principal * * * "; and

2. The "Standard Specifications for Construction of Airports" provide that "the contractor and his surety shall indemnify and save harmless the owner from all suits, actions or claims of any character, name and description brought for or on account of any * * * damages received or sustained by any person * * * or property, by or from the said contractor or his employees * *. *."

The rule that the contract of a "voluntary" or "accommodation" surety is to be construed *strictissimi juris,* all doubts and technicalities being resolved in his favor, has no application to the contract of a surety company acting for compensation; as to the latter, doubts are to be resolved against the surety and in favor of the indemnity. *Walker v. Holtzclaw,* 57 S. C. 459, 35 S. E. 754; *State Agricultural & Mechanical Society of South Carolina v. Taylor,* 104 S. C. 167, 88 S. E. 372; *Massachusetts Bonding & Ins. Co. v. Law,* 149 S. C. 402, 147 S. E. 444; *Bessinger v. National Surety Corp.,* 207 S. C. 365, 35 S. E. (2d) 658. But this means only that the contract of a paid surety is to be construed most strongly against the surety in favor of the indemnity which the obligee has reasonable grounds to

expect. 50 Am. Jur., Suretyship, Sec. 318, p. 1112. It does not mean that the bond of a compensated surety is to be so construed as to extend liability beyond the terms of the contract, or as to nullify the plain intention of the parties. *Ibid.*, Sec. 319, p. 1114. "The liability of the surety under its bond depends upon its terms and the intention of the parties." *National Loan & Exchange Bank of Greenville v. Gustafson*, 157 S. C. 221, 154 S. E. 167, 176.

The obligation of the surety being accessory or collateral to the obligation contracted by the principal, it follows as a general rule that the liability of the surety is measured precisely by the liability of the principal. 50 Am. Jur., Suretyship, Sec. 2, p. 904, Sec. 30, p. 921; *Chisholm v. House,* 10 Cir., 183 F. (2d). 698; *Eckstein v. Massachusetts Bonding & Ins. Co.,* 281 N. Y. 435, 24 N. E. (2d) 114, 125 A. L. R. 1143. The exception in cases where the original contract is unenforceable against the principal because of infancy or other disability, *Cf. Smyley v. Head,* 2 Rich. 590, 31 S. C. L. 590; *Carroll County Savings Bank v. Strother,* 28 S. C. 504, 6 S. E. 313, is of course inapplicable here.

The manifest purpose of the bond here under consideration was to insure the faithful performance by the Peden Company of its contract with the Airport Commission, and the payment by the Peden Company of all obligations incurred by it for labor and materials used in connection with the performance of the contract, and to indemnify the Airport Commission against liability to third persons resulting from negligent or otherwise improper conduct of the Peden Company in its performance of the contract.

Tested by the principles to which we have referred, appellant's claim for reimbursement at the hands of the surety cannot be sustained, because of the following matters that appear undisputed in the record:

1. The judgment for which appellant claims indemnity was rendered against it because of a *pro tanto* taking by it

of private property for public use in the exercise of a power of sovereignty which the Peden Company did not itself have and therefore could have exercised only as appellant's agent and under appellant's authority.

2. The removal of the dirt having been done under the specific instructions and direction of appellant and in conformity with the Peden Company's obligation under its contract with appellant, no liability on the part of the Peden Company in favor of appellant could have resulted therefrom.

3. The verdict in the *Hester case* having absolved the Peden Company of liability to the property owner, there was no original obligation on the part of the Peden Company in favor of appellant thereabout, and consequently no accessory or collateral obligation on the part of respondent as surety on its bond.

Affirmed.

STUKES, TAYLOR and OXNER, JJ., and E. H. HENDERSON, A. A. J., concur.