## 17480

Mrs. Ethel WARD, Respondent, v. FEDERAL INSURANCE COMPANY, Appellant

(106 S. E. (2d) 169)

*Messrs. Nelson, Mullins & Grier,* of Columbia, *for Appellant,*

*Messrs. Nash & Wilson,* of Sumter, *for Respondent,*

December 9, 1958.

STUKES, Chief Justice.

Respondent obtained judgment by default against Roger Miller for damages for personal injuries negligently inflicted in a motor vehicle accident which occurred while Miller was in the course of his employment by a subcontractor upon State Highway Department construction. Unsuccessful appeal of the judgment is reported as *Ward v. Miller,* 230 S. C. 288, 95 S. E. (2d) 482. There is a companion case which involves a similar judgment based on verdict for property damages and counsel have agreed that this opinion shall govern both cases.

Sloan Construction Company was awarded the construction contract by the Highway Department and to perform it engaged the subcontractor whose employee Miller was. Appellant furnished its bond to the Department which guaranteed the faithful performance of the contract, including the payment of all lawful claims by reason of injuries received in and about the construction. A similar surety bond or contract was construed, and liability thereon indicated, in *Cantey v. Newell Contracting Co.,* 175 S. C. 74, 178 S. E. 342, 345. (Perhaps apropos to the result which we reach here is the following from that case: "This is a hard case on the surety company. However, our sole inquiry is in the words of the classics: 'Is it so nominated in the bond?' It is so nominated in the bond, and this court so holds." Per Graydon, A. A. J.)

Upon Miller's failure to pay the judgment respondent brought this action against appellant upon its liability under its bond. In its answer appellant alleged that "the said Roger Miller was not responsible for said accident and the defendant further alleges that said judgment is not binding on this

defendant." Respondent moved to strike these allegations which the circuit court did, whence this appeal.

Appellant cites our decisions which hold that a judgment obtained against an agent is not conclusive against his principal, at least when the latter was not a party to the action and not vouched or given opportunity to defend it. *Logan v. Atlantic & C. A. Ry. Co.,* 82 S. C. 518, 64 S. E. 515. *Rookard v. Atlantic & C. Air Line Ry. Co.,* 84 S. C. 190, 65 S. E. 1047, 27 L. R. A., N. S., 435. Those authorities are not applicable to the present controversy because agency is not involved here. This is not an action *respondeat superior* against the subcontractor, employer of Miller. The liability here asserted arises from the bond or contract obligation of appellant in which it agreed to pay all lawful claims arising from injuries received in and about the construction (this is the allegation of the complaint, admitted by the answer—the bond itself is not before the court) and respondent's such claim has been duly adjudicated by a court of competent jurisdiction in her action against Miller, who was engaged in the construction. There is no contention of fraud or collusion in the procurement of the judgment. We are here concerned with the law of suretyship, not agency.

Reference may be had to 72 C. J. S., Principal and Surety, § 261, p. 706, from which we quote the following:

"As a general rule, in all cases where the liability of a surety is dependent on the outcome of litigation in which his principal is or may be involved, a judgment against the principal is binding and conclusive on the surety, and the surety may not interpose defenses which should or might have been set up in the action in which the judgment was recovered, or require proof of the facts on which the judgment rests, or attack the validity of the judgment, except for fraud or collusion or want of jurisdiction. The rule is applicable even though the surety had no notice of the suit or opportunity to defend, * * *."

See also *Whisenhunt v. Sandel,* 177 S. C. 207, 181 S. E. (2d) 61, 100 A. L. R. 376.

Implicit in appellant's argument is reference to the fact that respondent's judgment against Miller was obtained after his default in the action against him, although the amount of the damages was determined by the verdict of a jury. That is of no importance. 50 Am. Jur. 1039, Suretyship, Sec. 202. Applicable are the following extracts from the opinion in *Sauer v. Detroit Fidelity & Surety Co.,* 237 Mich. 697, 213 N. W. 98, 99, 51 A. L. R. 1485:

"While, as contended, there may exist some conflict of authority upon the proposition, we have no hesitancy in holding that, in the absence of fraud, mistake, collusion, or conspiracy between the principal and other persons, a surety is not released from his obligation to pay the amount found due in a decree or upon judgment, because his principal did not contest the same, or because he consented thereto; that such a decree or judgment is in fact and effect a finding by the court. And in this holding we find support in the great weight of authority. * * *

"If, where a surety for hire, as in the instant case, undertakes in a bond to pay a judgment or decree rendered against his principal, he can only be held if the suit be contested, the question naturally arises, To what extent must the contest be carried? Obviously no line of demarcation can be established. And, if the principal be in fact indebted to the obligee, must he testify that he is not, or must he stand mute and compel proof of the indebtedness to be made, or may he be permitted to concede the indebtedness and save the trouble and expense of a trial? The answer seems apparent that, if there be no fraud or mistake, the surety is in no way injured by his principal's acknowledgment of liability, and no good reason presents itself for releasing him because thereof."

Affirmed.

TAYLOR and Moss, JJ., concur.

OXNER and LEGGE, JJ., dissent.

LEGGE, Justice (dissenting).

All that the pleadings disclose concerning the bond in question is contained in the allegation in the complaint, admitted by the answer, that it was given "for the faithful performance of said contract (*i. e.* the contract between State Highway Department and Sloan Construction Company), including the payment of all lawful claims by reason of injuries received in and about said construction." I think that the motion to strike should have been refused because the pleadings do not sufficiently disclose the terms and conditions of the bond to enable the court to determine the issue here presented. In addition, it would appear from the quoted allegation that this was an ordinary performance bond. If so, the liability of the surety is no greater than that of the principal. 9 Am. Jur., Building and Construction Contracts, Section 88, p. 57; 50 Am. Jur., Suretyship, Section 2, p. 904, Section 30, p. 921; *Greenville Airport Commission v. United States Fidelity & Guaranty Co. of Baltimore, Md.,* 226 S. C. 553, 86 S. E. (2d) 249. Also, upon payment of any loss, the surety is entitled to reimbursement from the principal. 43 Am. Jur., Public Works and Contracts, Section 143, p. 884; 50 Am. Jur., Subrogation, Section 49, p. 714; and cf. *St. Paul-Mercury Indemnity Co. v. Donaldson,* 225 S. C. 476, 83 S. E. (2d) 159.

The leading opinion assumes, as did the order of the circuit court, that the bond involved here is similar to that which was construed in *Cantey v. Newell Contracting Co.,* 175 S. C. 74, 178 S. E. 342, 343. In that case this court said that "it was the intention and purpose of the highway department to see that all people who had legal claims against the contractor were properly and promptly paid." This language would seem clearly to imply that the surety should have no liability beyond that of the principal.

I can see no sound basis for the holding, in the circuit court order, that Miller "was in effect the principal on the bond executed by the defendant." If, as appears to be conceded, this is an ordinary performance bond, liability of the

principal contractor or of the subcontractor is essential to liability of the surety. Certainly, liability of either the principal contractor or of the subcontractor for the acts of Miller must be founded upon the doctrine of *respondeat superior*. But the leading opinion holds, in effect, that the judgment obtained against appellant is not dependent upon liability of either the subcontractor or the principal contractor; and it would logically follow that had either or both been made parties to the cause and absolved from liability, appellant would nevertheless be liable for payment of a judgment against Miller alone. Such a proposition does not, in my opinion, accord with the principles of suretyship.

OXNER, J., concurs.