1934

David G. COOPER, Respondent v. Michael J. BEAULIAU, formerly d/b/a Two Notch Motor Company, Inc., and Lawyers Surety Corporation, Defendants, of whom Lawyers Surety Corporation is, Appellant. Appeal of LAWYERS SURETY CORPORATION.

(426 S.E. (2d) 819)

Court of Appeals

*R. Lewis Johnson* and *Gregory G. Williams*, Columbia, *for appellant.*

*Ruskin C. Foster*, Columbia, *for respondent.*

Heard Dec. 2, 1992.

Decided Dec. 29, 1992.

GOOLSBY, Judge:

This is an action brought on a surety bond by David G.

Cooper against Michael J. Beauliau, doing business as Two Notch Motor Company, Inc., and against Lawyers Surety Corporation. Cooper sought payment from Lawyers Surety for a judgment that Cooper had previously obtained against Beauliau, Lawyers Surety's principal.[1] The trial judge granted judgment to Cooper. Lawyers Surety appeals. The questions on appeal relate to notice and to damages. We affirm.

Lawyers Surety, pursuant to S.C. Code Ann. § 56-15-320(2) (1977),[2] provided a bond[3] for Beauliau, a licensed motor vehicle dealer.

Cooper sued Beauliau alleging, among other things, Beauliau had breached a contract relating to the sale of Cooper's automobile and had committed fraudulent acts in doing so. Cooper sought damages for the loss of his automobile and for damage done to his credit reputation. He subsequently obtained a $13,446.97 judgment against Beauliau.

Several months later, Cooper began the present action seeking payment of the prior judgment under the bond issued by Lawyers Surety for Beauliau.

---

[1] Lawyers Surety cross-examined against Beauliau for indemnification should it be held liable under the bond.

[2] S.C. Code Ann. § 56-15-320(2) (1977) reads in part:

Each applicant for licensure as a dealer or wholesaler must furnish a surety bond in the penal amount of fifteen thousand dollars on a form to be prescribed by the director of the Motor Vehicle Division of the Department ... The bond must be conditioned upon the applicant ... complying with the provisions of the statutes applicable to the license and as indemnification for any loss or damage suffered by an owner of a motor vehicle ... by reason of any fraud practiced or fraudulent representation made in connection with the sale or transfer of a motor vehicle by a licensed dealer or wholesaler ... or any loss or damage suffered by reason of the violation by the dealer or wholesaler ... of any of the provisions of this chapter. An owner ... who suffers the loss or damage has a right of action against the dealer or wholesaler and against the dealer's or wholesaler's surety upon the bond and may recover damages as provided in this chapter....

[3] The bond provided by Lawyers Surety reads in part:

Michael J. Beaulieu [sic] ... as Principal and Lawyers Surety Corporation as Surety ... are held and firmly bound unto the people of the State of South Carolina to indemnify any owner of a motor vehicle ... who may be aggrieved by any fraud, fraudulent representation or violation by said Principal ... of any of the provisions of Title 56 of the South Carolina Code of Laws relating to Motor Vehicle Dealers and the sale and transfer of motor vehicles, in the amount of Fifteen Thousand Dollars ($15,000.00)....

The trial court held Lawyers Surety liable under its bond notwithstanding Lawyers Surety had no notice of or opportunity to defend the first action. It also rejected Lawyers Surety's contention that the prior judgment included amounts for attorney fees and punitive damages.

## I.

Like the trial court, we think this case is controlled by *Ward v. Federal Ins. Co.*, 233 S.C. 561, 106 S.E. (2d) 169 (1958). There, the Supreme Court, quoting from 72 CJ.S. *Principal and Surety* § 261, at 706 (1951), stated:

> As a general rule, in all cases where the liability of a surety is dependent on the outcome of litigation in which his principal is or may be involved, a judgment against the principal is binding and conclusive on the surety, and the surety may not interpose defenses which should or might have been set up in the action in which the judgment was recovered, or require proof of the facts on which the judgment rests, or attack the validity of the judgment, except for fraud or collusion or want of jurisdiction. The rule is applicable even though the surety had no notice of the suit or opportunity to defend. . . .

Here, the liability of Lawyers Surety was dependent on the outcome of litigation in which Beauliau, its principal, was involved. There being no suggestion of fraud, collusion, or want of jurisdiction, Lawyers Surety is liable on its bond even though it had no notice of the action against Beauliau and had no opportunity to defend the action. *See* 74 Am. Jur. (2d) *Suretyship* § 152, at 109 (1974) (citing *Ward, supra,* in support of the proposition that "[t]he surety's contract is in some decisions construed as binding him, so that a judgment against the principal is not only admissible, but is also conclusive against the surety, in the absence of fraud or collusion.").

In reaching our conclusion, we note nothing in either the statute or the bond in issue here conditions the bond on Lawyers Surety's having notice of or an opportunity to defend an action.

We further note the statute, in express terms, gives an owner a right of action against the principal and a right of ac-

tion against the principal's surety on the surety's bond, thus affording an owner, at the owner's election, the right to sue the principal or to sue the principal's surety on its bond or to sue both the principal and the principal's surety on its bond. *See McKenzie v. Standard Acc. Ins. Co.*, 189 S.C. 475, 484, 1 S.E. (2d) 502, 507 (1939) ("An action may be maintained against the sureties, or one or more of them without joining the principal or against the principal alone, as well as against both.").

## II.

We see no merit whatever to the suggestion made by Lawyers Surety that the damages awarded Cooper included amounts for attorney fees and punitive damages. The order awarding Cooper damages does not mention either element; however, it does discuss Cooper's out-of-pocket losses and the injury done to Cooper's credit reputation because of Beauliau's fraudulent actions.

Affirmed.

GARDNER, J., and LITTLEJOHN, Acting J., concur.

