650 S.E.2d 677

INTERNATIONAL FIDELITY INSURANCE
COMPANY, Appellant,

v.

CHINA CONSTRUCTION AMERICA (SC) INC., Respondent.

No. 4288.

Court of Appeals of South Carolina.

Heard June 5, 2007.

Decided Aug. 21, 2007.

176

A. Jackson Barnes and Robert E. Horner, both of Columbia and Neil L. Henrichsen, of Jacksonville, for Appellant.

Henry Pickett Wall, of Columbia and Walter Henry Bundy, Jr., of Mt. Pleasant, for Respondent.

HEARN, C.J.

International Fidelity Insurance Company (Surety) appeals the circuit court's order granting summary judgment to China Construction America (SC), Inc. (Contractor) on Surety's action seeking payment of contract funds. We affirm.

## FACTS

On May 26, 1999, Contractor entered into a general construction contract with Haier Corporation to build a large manufacturing facility in Camden, South Carolina. Contractor subcontracted the electrical work to Electrical Maintenance Technicians (Subcontractor). As a precondition of the subcontract, Contractor required Subcontractor to post performance and payment bonds in the sum of the full subcontract, $1,331,167.22. On October 19, 1999, Surety issued the bonds on behalf of Subcontractor, which named Contractor as the third party beneficiary.

During the project, Subcontractor became insolvent, and several of Subcontractor's suppliers and subcontractors filed mechanic's liens. Subcontractor failed to complete the subcontract on time, delaying the project for eighty-three days. Contractor demanded that Subcontractor and Surety discharge the liens pursuant to their obligations. When the liens were not immediately bonded off, Contractor brought a civil action against Subcontractor, Surety, and the three lien creditors. Contractor sought breach of contract damages against Subcontractor and Surety; a declaration of Surety's obligation to discharge the liens; and a determination of the relative rights of the lien creditors to the subcontract retainage. Ultimately, Surety bonded off the liens and paid Subcontractor's lien creditors such that Contractor's only remaining claim was a breach of contract claim against Subcontractor.

On the day of trial, Subcontractor failed to appear, and Surety moved to be dismissed from the case without prejudice. Contractor consented to Surety's request and proceeded to try its breach of contract claim against Subcontractor. The circuit court found in favor of Contractor, holding Subcontractor liable for delay in completion of the project and for Subcontractor's failure to perform pursuant to the terms of the subcontract. At the circuit court's request, counsel for Con-

tractor prepared a draft order. Counsel for Surety requested a copy of the order after it was executed and suggested nonsubstantive changes concerning the involvement of Surety in the proceeding. Contractor consented to the proposed changes, and the circuit court issued an amended order granting judgment for Contractor against Subcontractor in the amount of $660,250.51. This judgment was not appealed.

Sometime after Contractor filed its action, Surety filed a separate action against Contractor seeking the balance of the subcontract as Subcontractor's subrogated surety. Contractor counterclaimed averring the judgment against Subcontractor was binding and conclusive on its surety, and as a matter of law, Contractor was entitled to judgment against Surety for the full amount of the judgment against Subcontractor. In response, Surety argued the prior judgment was not binding because it was beyond the scope and coverage of the bond and that there were issues of fact as to whether the judgment in the previous case was obtained by fraud or collusion. Additionally, Surety claimed three theories of estoppel, collateral, judicial, and equitable, applied to prevent Contractor from asserting its counterclaims. Both parties moved for summary judgment. The circuit court granted Contractor's motion for summary judgment finding the prior judgment against Subcontractor was binding on Surety as a matter of law. Further, the court found no merit to Surety's allegations of fraud and collusion. Lastly, the court held Surety's estoppel arguments were without merit. This appeal followed.

## STANDARD OF REVIEW

When reviewing the grant of a summary judgment motion, this court applies the same standard of review as the trial court under Rule 56, SCRCP. *Cowburn v. Leventis*, 366 S.C. 20, 30, 619 S.E.2d 437, 443 (Ct.App.2005). Summary judgment is proper when there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), SCRCP; *Helms Realty, Inc. v. Gibson–Wall Co.*, 363 S.C. 334, 340, 611 S.E.2d 485, 488 (2005). To determine whether any triable issues of fact exist, the reviewing court must consider the evidence and all reasonable inferences in the light most favorable to the non-moving party. *Law v. S.C. Dep't of Corr.*, 368 S.C. 424, 434, 629 S.E.2d 642, 648

(2006). When plain, palpable, and indisputable facts exist on which reasonable minds cannot differ, summary judgment should be granted. *Ellis v. Davidson,* 358 S.C. 509, 518, 595 S.E.2d 817, 822 (Ct.App.2004).

## LAW/ANALYSIS

### I. Conclusiveness of the Bond

■ Surety argues the trial court erred in its determination that the judgment against Subcontractor was conclusive and covered within the scope of the bond. Surety attacks the conclusiveness of the prior judgment on its obligations under the bond, arguing the amount of damages awarded was beyond the scope of the bond.[1] We disagree.

■ In South Carolina, a judgment against a principal is binding and conclusive on a surety. *Ward v. Fed. Ins. Co.,* 233 S.C. 561, 106 S.E.2d 169 (1958). In *Ward,* the supreme court addressed the effect of a prior judgment against a principal on subsequent litigation against the surety. *Id.* The court stated:

As a general rule, in all cases where the liability of a surety is dependent on the outcome of litigation in which his principal is or may be involved, a judgment against a principal is binding and conclusive on the surety, and the surety may not impose defenses which should or might have been set up in the action in which the judgment was recovered, or require proof of the facts on which the judgment rests, or attack the validity of the judgment, except for fraud or collusion or want of jurisdiction. The rule is applicable even though the surety had no notice of the suit or opportunity to defend.

*Ward,* 233 S.C. at 564, 106 S.E.2d at 170 (citing 72 C.J.S. *Principal and Surety* § 261).

This issue was most recently addressed in this court's opinion in *Cooper v. Beauliau,* 310 S.C. 392, 426 S.E.2d 819

---

1. Surety argued at trial that the prior judgment was not binding because it was beyond the scope and coverage of the bond and, in the alternative, that Contractor obtained its judgment through a fraud perpetrated on the court. On appeal, Surety concedes that there is no issue of fraud or collusion, but maintains that the prior judgment was beyond the scope of its surety obligation.

(Ct.App.1992). In that case, Cooper obtained a judgment against an auto dealer and sought to recover against dealer's surety. *Id.* at 393–94, 426 S.E.2d at 820. The surety argued it had no notice of the action, the prior judgment was not binding, and the prior damage award was beyond the scope of the bond coverage. Citing *Ward* as controlling authority, this court refused to revisit the issue of damages and liability absent any suggestion of fraud, collusion, or want of jurisdiction. *Id.* at 394, 426 S.E.2d at 820. We further noted that the surety and principal's liability was joint and several, and therefore, surety's lack of notice and participation in the previous suit between the claimant and principal was of no consequence. *Id.* Importantly, the court found no merit in plaintiff's argument that the damages award exceeded the scope of the bond. *Id.* at 395, 426 S.E.2d at 821.

As in *Cooper,* we hold this matter is controlled by *Ward,* our supreme court's most recent precedent in this area. Therefore, absent fraud, collusion, or lack of jurisdiction, which Surety concedes are not at issue here, Surety may not now argue defenses which should or might have been raised in the action in which the judgment was recovered, especially where Surety had notice and an opportunity to defend in that action.[2] As a result, the circuit court did not err in granting summary judgment to Contractor.[3]

## II. Equitable Estoppel

■ Surety also claims the trial court erred in finding Contractor was not equitably estopped from asserting Surety

---

2. The logic of this rule is most aptly summarized in *Vigilanti v. Pfieffer–Neumeyer Constr. Corp.,* 25 F.Supp. 403, 404–05 (E.D.N.Y.1938):

> A surety cannot stand idly by with full knowledge of an action pending against its principal, permit a judgment to be taken against its principal, and later on, when an action is brought upon its bond, require the plaintiff to retry his case. This would result in two trials on the same issue. It would retard and not promote the administration of justice.

3. Because we hold this matter is controlled by the precedent of *Ward* and *Cooper,* we need not address Surety's argument regarding *L.B. Price Mercantile Co. v. Redd,* 231 S.C. 446, 99 S.E.2d 57 (1957). *See Whiteside v. Cherokee County Sch. Dist. No. One,* 311 S.C. 335, 340, 428 S.E.2d 886, 889 (1993) (stating the appellate court need not address remaining issues when resolution of a prior issue is dispositive).

was liable for the prior judgment against Subcontractor. Specifically, Surety argues Contractor's agreement to dismiss Surety without prejudice from the action against Subcontractor amounted to a false representation or concealment on which Surety could properly rely. We disagree.

Initially, a dismissal of a claim without prejudice is not an adjudication of the merits of the controversy and has no preclusive effect as a matter of law. *See, e.g., McEachern v. Black,* 329 S.C. 642, 651, 496 S.E.2d 659, 663 (1998). Therefore, Contractor's consent to Surety's motion to dismiss without prejudice does not equate to a false representation or concealment on which Surety could rely to change its position. Therefore, the circuit court did not err in holding Contractor was not equitably estopped from asserting Surety was liable for the prior judgment against Subcontractor.

### III. Waiver

Surety claims the trial court erred in finding there were no material facts in dispute on the issue of waiver. Surety asserts Contractor waived its rights to pursue or assert any further causes of action against Surety when Contractor agreed to dismiss Surety without prejudice. The issue of waiver was not raised or ruled upon below, and therefore, we find the issue is not adequately preserved for review. *See Staubes v. City of Folly Beach,* 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) (holding that issues must be raised and ruled upon in the trial court to be preserved for appellate review).

### IV. Judicial Estoppel

Lastly, Surety argues Contractor took inconsistent positions during the course of the case and should, therefore, be judicially estopped from asserting its claim against Surety. We find this issue not preserved for appellate review.

On appeal, Surety argues Contractor's inconsistent positions pertain to the damages sought in its original action. However, Surety argued to the circuit court that Contractor's inconsistent positions pertained to Contractor's consent to dismiss Surety from the original action. Surety did not properly raise this issue to the circuit court, and therefore, we find it is not

adequately preserved for our review. *See B & A Development, Inc. v. Georgetown County,* 372 S.C. 261, 271, 641 S.E.2d 888, 894 (2007) (holding that issues must be raised and ruled upon in the trial court to be preserved for appellate review).

## CONCLUSION

Based on the foregoing, the circuit court's grant of summary judgment is hereby.

**AFFIRMED.**

KITTREDGE, J., and CURETON, A.J., concur.