THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 David A. Hauge & Chidna, L.L.C., Plaintiffs,
 
 of whom David A. Hauge is, Appellant,
 
 
 
 
 

v.

 
 
 
 
 Adrienne Curran, Respondent.
 
 
 
 
 

Appeal From Charleston County
Roger M. Young, Circuit Court Judge

Unpublished Opinion No. 2011-UP-264   
 Submitted April 1, 2011  Filed June 7,
2011

AFFIRMED IN PART, REVERSED
 IN PART, and REMANDED

 
 
 
 Mary
 L. Arnold, of Mt. Pleasant, for Appellant.
 Thomas
 R. Goldstein, of Charleston, for Respondent.
 
 
 

PER CURIAM: David Hauge ("Hauge")
 appeals the trial court's order denying summary judgment and dismissing the
 action without prejudice pursuant to Rule 12(b)(8), SCRCP.  Hauge first argues
 Adrienne Curran ("Curran") conceded the funds generated from the sale
 of property owned by Chidna, L.L.C. were not Curran's personal property.  Therefore,
 based on Curran's admission, Hauge argues there is no genuine issue of material
 fact as to the conversion or breach of fiduciary duty causes of action, and
 summary judgment should have been granted.  Second, Hauge contends the trial
 court improperly dismissed the South Carolina action because the pending Florida
 litigation between Hauge and Curran is not another action pending between the
 same parties for the same claim under Rule 12(b)(8).  Finally, Hauge asserts
 the trial court improperly overruled the prior trial court judge's order
 denying Curran's motion to dismiss.  Pursuant to Rule 220(b)(1), SCACR and the
 following authorities,[1] we affirm the trial court's decision to deny summary judgment, reverse its
 decision to dismiss the South Carolina action, and remand the matter for
 further proceedings. 
1. As to whether a
 genuine issue of material fact exists on the conversion and breach of fiduciary
 duty causes of action: See Moore v. Weinberg,  383
 S.C. 583, 589, 681 S.E.2d 875, 878-79 (2009) (finding conflicting
 testimony regarding the ownership of an interest in the proceeds from
 litigation created a genuine issue of material fact as to the conversion
 claim); Helms Realty, Inc. v. Gibson-Wall Co., 363 S.C. 334, 340, 611
 S.E.2d 485, 488 (2005) ("Summary judgment is appropriate 'if the
 pleadings, depositions, answers to interrogatories, and admissions on file,
 together with the affidavits, if any, show that there is no genuine issue as to
 any material fact and that the moving party is entitled to a judgment as a
 matter of law.'"); Gadson v. Hembree, 364 S.C. 316, 320, 613 S.E.2d
 533, 535 (2005) ("Summary judgment is not appropriate where further
 inquiry into the facts of the case is desirable to clarify the application of
 the law."); Ellis v. Davidson, 358 S.C. 509, 520, 595 S.E.2d 817,
 823 (Ct. App. 2004) (stating summary judgment is not proper when genuine
 issues of material fact exist as to whether a fiduciary duty existed between
 the parties and, if so, whether such duty was breached); Baughman v. Am.
 Tel. and Tel. Co., 306 S.C. 101, 112, 410 S.E.2d 537, 543 (1991) (finding
 summary judgment was improper when plaintiffs had not been afforded a full and
 fair opportunity to complete discovery). 
2. As to whether
 the trial court properly applied Rule 12(b)(8), SCRCP to dismiss a South
 Carolina circuit court action on the ground that a similar action is
 simultaneously pending between the same parties in another jurisdiction: See Poston v.
 Homes Ins. Co. of N.Y., 191 S.C. 314, 317-18, 4 S.E.2d 261, 262 (1939) ("[A]n action
 may be pleaded in abatement of a second suit only when between the same parties
 and in the same jurisdiction and with the same object.") (emphasis
 added); see also Logan v. Atlanta & C. Air Line R. Co., 82
 S.C. 518, 520-21, 64 S.E. 515, 516 (1909) (stating that a pending action in the
 federal court against the lessee of a railroad for personal injuries is no bar
 to an action in the state courts against the lessor on the same cause of action
 because the suits are against different parties and in different jurisdictions); Hill v. Hill, 51 S.C. 134, 137, 28 S.E. 309, 310 (1897) (holding that the
 pendency of a former suit between the same parties for the same cause and
 relief is a ground for abatement of a subsequent suit if both suits are pending
 in the same jurisdiction, but that it is a well-established doctrine that the
 pendency of another suit in a foreign jurisdiction cannot be grounds for
 abatement of an action in the domestic forum). 
3. In light of our
 determination that the action was improperly dismissed, we need not address Hauge's
 remaining exception regarding the allegedly conflicting trial court rulings. See Futch v.
 McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591,
 598 (1999) (stating an appellate court need not address remaining issues when a
 decision on a prior issue is dispositive). 
 
 AFFIRMED
 IN PART, REVERSED IN PART, and REMANDED.
WILLIAMS, GEATHERS, and
 LOCKEMY, JJ., concur.

[1]  We decide this
 case without oral argument pursuant to Rule 215, SCACR.